Citation Nr: 1744009 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 10-33 870 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for a bladder disability, claimed as secondary to service-connected disability.

2. Entitlement to an initial evaluation in excess of 10 percent for degenerative joint disease of the cervical spine with scoliosis and muscle spasm prior to June 29, 2016, and in excess of 20 percent, thereafter.

3. Entitlement to compensation under 38 U.S.C.A. § 1151 for residuals of a stroke, claimed as due to VA medical treatment prior to February 2011.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. G. Perkins, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1956 to March 1960.

This case is before the Board of Veterans' Appeals (Board) on appeal from September 2009, October 2011 and August 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

The Veteran testified before the undersigned Veterans Law Judge at a hearing in December 2014. The transcript of that hearing is associated with the file.

The claims of service connection for a bladder disability and residuals of a stroke were most recently before the Board in January 2015 and were remanded for further development. 

The Board acknowledges that the Veteran has submitted a notice of disagreement to a March 2015 rating decision. The Board's review of the claims file reveals that the AOJ is still taking action on these issues. As such, the Board will not accept jurisdiction over them at this time.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran's representative argued that prior development on the claims was not adequate; the Board agrees. For the reasons discussed below, there has not been substantial compliance with the January 2015 remand instructions and another remand is required. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Pursuant to the January 2015 remand, the Veteran was afforded a VA examination in January 2016 for his bladder condition, but the opinion provided is inadequate. The examiner was requested to address whether any bladder disability was caused or aggravated by the service-connected disability. The examiner did not address the aggravation question. 

Additionally, the June 2015 and October 2015 VA examinations for the Veteran's claim for compensation under 38 U.S.C.A. § 1151 for residuals of a stroke do not comply with the January 2015 remand. The examiners did not address all the questions posed, specifically whether the stroke, was the result of an event that was not reasonably foreseeable. Thus, a supplemental opinion is necessary to address this element of the Veteran, 38 U.S.C.A. § 1151 claim.

The Veteran is also seeking an increased rating for the cervical spine disability. Additional evidence, including VA treatment records which reference neck pain, was added to the record since the July 2016 statement of the case (SOC). The Veteran, through his representative, declined to waive AOJ review of that evidence. The claim must be remanded.

Further the examinations conducted to date do not include all of the assessments necessary to decide the claim (i.e., both active and passive range of motion in weight bearing and nonweight bearing). See Correia v. McDonald, 28 Vet. App 158 (2016); 38 C.F.R. § 4.59. Remand for a new VA examination with complete range of motion testing is also necessary.

The SOC that addressed the increased rating claim reviewed treatment records through August 2014. The January 2017 supplemental statement of the case (SSOC) did not address the increased rating claim, but considered VA treatment records through July 2016. Since the claim is being remanded, updated treatment records should be obtained. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain the names and addresses of all medical care providers who treated the Veteran for neck complaints since August 2014. After securing the necessary release, take all appropriate action to obtain these records.

2. After completion of the foregoing, contact the examiner who conducted the January 2016 examination, or another appropriate examiner, to obtain a supplemental medical opinion regarding the Veteran's bladder disability. The entire claims file should be made available to and reviewed by the examiner. Based on the review of the record (and new examination if deemed necessary), the examiner is to address the following question: 

Is it at least as likely as not (50 percent probability or greater) that any bladder disability was aggravated by the service-connected scar, status-post infected pilonidal cyst and sinus removal).

The examiner is informed that aggravation here is defined as any increase in disability. If aggravation is present, the clinician should indicate, to the extent possible, the approximate level of disability (baseline) before the onset of the aggravation. 

The examiner must explain the rationale for all opinions, citing to supporting factual data and medical literature, as appropriate. If the examiner determines that the questions cannot be resolved without resorting to speculation, then an explanation as to why this is so must be provided.

If the examiner cannot provide an opinion without an examination, the Veteran should be scheduled for the examination. 

3. Contact the examiner who conducted the June 2015 examination, or another appropriate examiner, to obtain a supplemental medical opinion regarding the Veteran's 38 U.S.C.A. § 1151 claim for residuals of a stroke. The entire claims file should be made available to and reviewed by the examiner. Based on the examination and review of the record, the examiner is to address the following question: 

Is it at least as likely as not (50 percent or more likelihood) that the Veteran's stroke was the result of carelessness, negligence, lack of proper skill, error in judgment, or some other incident or fault on the part of VA, or as the result of an event that was not reasonably foreseeable.

The examiner must explain the rationale for all opinions, citing to supporting factual data and medical literature, as appropriate. If the examiner determines that the questions cannot be resolved without resorting to speculation, then an explanation as to why this is so must be provided.

4. Schedule the Veteran for the appropriate VA examination to assess the severity of his service-connected cervical strain. The claims folder and all pertinent medical records should be made available to the examiner for review. All necessary diagnostic testing should be performed. 

The examiner is requested to delineate all symptomatology associated with, and the current severity of, cervical spine. The appropriate Disability Benefits Questionnaire (DBQs) should be filled out for this purpose, if possible. 

The examination must address active and passive motion, weight-bearing and nonweight-bearing information, or why such testing is not necessary. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. 

5. After conducting any other development deemed necessary, re-adjudicate the Veteran's claims. If any benefit remains denied, issue an SSOC, and give the Veteran and his representative an appropriate opportunity to respond. The case should then be returned to the Board, if otherwise in order, for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals